## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

EDDIE HENDERSON                                                              PLAINTIFF

v.                                      CIVIL ACTION NO. 2:18-CV-188-KS-MTP

JONES COUNTY SCHOOL DISTRICT                                           DEFENDANT

### MEMORANDUM OPINION AND ORDER

For the reasons provided below, the Court rules as follows:

- The Court **denies** Plaintiff's Motion to Strike [79] Bruce Gavin's affidavit;

- The Court **denies** Plaintiff's Motion to Strike [80] portions of Sarah Sumrall's affidavit;

- The Court **denies** Plaintiff's Motion to Strike [81] portions of Thomas Parker's affidavit;

- The Court **denies** Plaintiff's Motion to Strike [83] certain exhibits to Defendant's Motion for Summary Judgment;

- The Court **grants in part and denies in part** Defendant's Motion for Summary Judgment [76];

- The Court **denies as moot** Defendant's Motion to Strike [88] Plaintiff's declaration and its Exhibit A; and

- The Court **denies as moot** Defendant's Motion to Strike [90] portions of Plaintiff's Response and its Exhibit B.

### I. BACKGROUND

This is an employment discrimination and retaliation case. Plaintiff, an African-American man, claims that his employer, the Jones County School District, paid him less than it paid similarly situated white employees, refused to promote him

because of his race, subjected him to a hostile work environment, and fired him in retaliation for filing a charge of discrimination with the EEOC. The parties have filed numerous motions, which the Court now addresses.

## II. MOTION TO STRIKE AFFIDAVIT OF BRUCE GAVIN [79]

Plaintiff filed a Motion to Strike [79] an affidavit from Bruce Gavin attached to Defendant's Motion for Summary Judgment. First, Plaintiff argues that the Court must strike the affidavit because Defendant did not disclose Gavin's testimony during discovery. Specifically, Plaintiff argues that although Defendant submitted a list of alleged misconduct that supported his termination, it did not disclose the allegations of misconduct in Gavin's affidavit. In response, Defendant concedes that it only partially disclosed Gavin's testimony, but Defendant argues that its failure to disclose the whole of Gavin's testimony was harmless because it disclosed Gavin as a potential witness and Plaintiff was free to depose him.

Rule 26 does not require parties to disclose the substantive content of fact witnesses' testimony. Rather, it requires parties to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to supports its claims or defenses, unless the use would be solely for impeachment . . . ." FED. R. CIV. P. 26(a)(1)(A)(i). However, Rule 33 requires parties to answer interrogatories "fully in writing under oath," to the extent they are not objected to. FED. R. CIV. P. 33(b)(3).

Gavin claims to be an insurance agent who regularly works with Defendant's employees to meet its insurance needs. Exhibit 6 to Motion for Summary Judgment at 1, *Henderson v. Jones County Sch. Dist.*, No. 2:18-CV-188-KS-MTP (S.D. Miss. May 15, 2020), ECF No. 77-13. Gavin stated: "I needed Eddie Henderson to supply . . . workers' compensation claims information so that I could ensure that those claims were properly and timely processed." *Id.* Gavin claims that Plaintiff had "difficulties . . . with carrying out his duties and responsibilities of processing workers' comp claims," and he provided several examples of said difficulties. *Id.* at 2. In summary, Gavin claims that he "observed the District's purchasing department go from a very high level of responsiveness and efficiency under the direction of Joey Landrum to a very low level of responsiveness and efficiency when Joey Landrum was no longer working in the District's purchasing department." *Id.* at 3.

In his interrogatories, Plaintiff asked Defendant to "state each and every communication or conversation which Defendant . . . [has] had with Plaintiff regarding any problems with Plaintiff's work performance." Exhibit A to Motion to Strike at 6, *Henderson v. Jones County Sch. Dist.*, No. 2:18-CV-188-KS-MTP (S.D. Miss. June 5, 2020), ECF No. 79-1. Plaintiff also asked Defendant to "[s]tate why Plaintiff was not promoted following the retirement of his supervisor." *Id.* at 9. Defendant provided lengthy responses to each question, *id.* at 6-10, including the following: "[In] May 2017, Mr. Henderson refused to respond to the District's insurance adjuster, Mr. Bruce Gavin. So. Ms. Sumrall, the business manager, had to

supply the necessary information to Mr. Gavin." *Id.* at 6.

The Court will assume, for the purpose of addressing the present motion, that Defendant provided an incomplete discovery response. Rule 37 provides: "If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). When determining whether to strike a witness's testimony for a party's failure to disclose it, the Court considers the following factors:

(1)   the importance of the witnesses' testimony;

(2)   the prejudice to the opposing party of allowing the witnesses to testify;

(3)   the possibility of curing such prejudice by a continuance; and

(4)   the explanation, if any, for the party's failure to comply with the discovery order.

*Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 572 (5th Cir. 1996) (citing *Bradley v. United States*, 866 F.2d 120, 125 (5th Cir. 1989)).

First, the Court finds that Plaintiff was not prejudiced. Defendant disclosed Gavin as a potential fact witness, providing his name and contact information. Defendant also disclosed the general substance of Gavin's testimony, the persons involved, and the approximate date of the events in question. Defendant's answer was fully responsive to the interrogatory, which asked for "the date(s), persons present, and nature or substance of all such communications or conversations" with

Defendant's employees or agents about Plaintiff's work performance. Exhibit A [79-1], at 6. If Plaintiff wanted to ferret out more details regarding Gavin's expected testimony, he could have deposed him, but he chose not to do so. Likewise, Plaintiff could have sought leave to depose additional fact witnesses or submit additional interrogatories, but he chose not to do so. The Court also notes that Plaintiff subpoenaed documents from Gavin's insurance agency. *See* Notice of Intent to Serve Subpoena, *Henderson v. Jones County Sch. Dist.*, No. 2:18-CV-188-KS-MTP (S.D. Miss. Apr. 27, 2020), ECF No. 62.

The Court finds that Gavin's testimony is important. It is very relevant to Defendant's claim that Plaintiff's job performance was deficient. The Court also finds that Defendant's explanation for failing to provide any additional information is satisfactory. That is, Defendant provided a substantially complete response to Plaintiff's interrogatory and complied with its initial disclosure requirements. If Plaintiff wanted to know more details, it was his responsibility to seek them out. For these reasons, the Court concludes that it would not be appropriate to strike Gavin's affidavit pursuant to Rule 37.

Plaintiff also argues that the affidavit violates the "best evidence" rule. Rule 1002 provides: "An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise." FED. R. EVID. 1002. The "best evidence" rule is inapplicable here because the Gavin affidavit does not include any testimony regarding the contents of a writing, recording, or

photograph. *See* FED. R. EVID. 1002 advisory committee's note ("Application of the rule requires a resolution of the question whether contents are sought to be proved.").

For these reasons, the Court denies Plaintiff's Motion to Strike the Affidavit of Bruce Gavin [79].

### III. MOTION TO STRIKE PORTIONS OF AFFIDAVIT OF SARAH SUMRALL [80]

Plaintiff filed a Motion to Strike [80] certain paragraphs from the affidavit of Sarah Sumrall [77-10] submitted as an exhibit to Defendant's Motion for Summary Judgment [76]. The Court will address each disputed paragraph in turn.

### A.   *Paragraph 7*

In paragraph 7 of Sumrall's affidavit, she stated:

> In May 2017, I directed Eddie Henderson to inform all of the District's school bookkeepers and principals via email of the annual cutoff dates for processing purchase orders. When I asked him to furnish me with proof that he had completed this task, he admitted that he failed to complete this task. As a result, I had to complete this task myself.

Exhibit 3 to Motion for Summary Judgment at 2, *Henderson v. Jones County Sch. Dist.*, No. 2:18-CV-188-KS-MTP (S.D. Miss. May 15, 2020), ECF No. 77-10.

Plaintiff argues that this paragraph must be stricken because Defendant failed to produce any of the e-mails Sumrall claims to have sent.[1]  In response, Defendant notes that Sumrall does not claim to have sent any e-mail. Defendant also argues that Plaintiff has not identified any specific discovery request to which an e-mail sent

---

[1] In reply, Plaintiff also argues that the paragraph must be stricken pursuant to the "best evidence rule." The Court does not address arguments raised for the first time in reply. *Wallace v. County of Comal*, 400 F.3d 284, 292 (5th Cir. 2005). Regardless, the paragraph does not purport to describe the contents of any writing, photograph, or document, and the "best evidence" rule is inapplicable.

by Sumrall to the school bookkeepers and principals would have been responsive. Finally, Defendant notes that Plaintiff took Sumrall's deposition and had the opportunity to question her on this topic.

Even if the Court assumes 1) that one or more e-mails from Sumrall to the principals and bookkeepers exist, 2) that Defendant failed to produce them, and 3) that Defendant was required to produce them, it does not necessarily follow that the Court must strike Sumrall's testimony that Plaintiff failed to complete a task, requiring her to complete it. As noted above, Rule 37 provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use *that information or witness* to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1) (emphasis added). Defendant did not offer any unproduced e-mails from Sumrall as an exhibit to its motion. Rather, it offered her affidavit testimony regarding Plaintiff's alleged failure to complete a task. Therefore, even if Defendant failed to produce e-mails from Sumrall related to this issue, Plaintiff has not demonstrated that Rule 37 requires – or even permits – the Court to bar *all* evidence on this topic, as opposed to just the e-mails themselves. *Cf.* FED. R. EVID. 1002 advisory committee's note ("[A]n event may be proved by nondocumentary evidence, even though a written record of it was made.").

Moreover, when determining whether to strike a witness's testimony for a party's failure to disclose it, the Court considers the same factors listed above. *See*

*Sierra Club*, 73 F.3d at 572. Plaintiff would not be prejudiced by the Court considering this testimony. Plaintiff deposed Sumrall. *See* Notice of Deposition, *Henderson v. Jones County Sch. Dist.*, No. 2:18-CV-188-KS-MTP (S.D. Miss. Apr. 15, 2020), ECF No. 59. Prior to the deposition, Plaintiff received Defendant's interrogatory responses, in which Defendant disclosed the following information: "[In] May 2017, Mr. Henderson failed to notify some of the schools of the cut off dates for purchase orders as he had been instructed to do by the business manager, Ms. Sarah Sumrall. In particular, representatives from Glade Elementary and South Jones Elementary reported that they never received this information from Mr. Henderson." Exhibit A [79-1], at 6. Therefore, Plaintiff had an opportunity to question Sumrall on this issue, and Plaintiff could have requested that Sumrall produce any relevant documents at the deposition. *See* FED. R. CIV. P. 30(b)(2).

Defendant has not provided any explanation for its purported nondisclosure, but it remains to be seen whether it, in fact, failed to produce anything. Regardless, the testimony in dispute is important, in that it has bearing on Defendant's claim that Plaintiff's job performance was deficient.

For these reasons, the Court denies the motion with respect paragraph 7 of Sarah Sumrall's affidavit.

**B.    *Paragraph 9***

In paragraph 9 of Sumrall's affidavit, she testified:

In 2017, I instructed all business office employees, including Henderson, that they needed to inform a supervisor if they left the District office to

8

> run errands or make deliveries. Due to his job and responsibilities, Eddie Henderson was one of the few business office employees that this actually applied to. He failed to follow this directive on several occasions. His continued failure to follow this directive resulted [in] me issuing him a written reprimand.

Exhibit 3 [77-10], at 2. Plaintiff argues that Sumrall's testimony that he "failed to follow [her] directive on several occasions" is "speculative and conclusory" because she failed to provide specific details. Therefore, he contends that this paragraph is not competent summary judgment evidence.

This objection has no merit. Sumrall is not required to list the exact dates and circumstances of each time Plaintiff allegedly failed to follow her directive. *See, e.g. Harvill v. Westward Commc'ns, LLC*, 433 F.3d 428, 436 (5th Cir. 2005); *McKinnis v. Crescent Guardian, Inc.*, 189 F. App'x 307, 310 (5th Cir. 2006). Whether Sumrall's "allegations are too vague to ultimately carry the day is a credibility determination, or requires weighing the evidence, both of which are more appropriately done by a trier of fact." *Harvill*, 433 F.3d at 436. The Court denies the motion with respect paragraph 9 of Sarah Sumrall's affidavit.

**C.    *Paragraph 10***

In paragraph 10, Sumrall stated:

> In November 2017, I asked Eddie Henderson to complete the procedures for sending out bids to replace the District's fire extinguishers at the District's school locations. Further, I instructed him to update me when he had completed these procedures. That is because, once the procedures were completed, the bids would need to be presented to the Board of Education for approval. When I asked Henderson to provide me with an update, he admitted that he had failed to complete these procedures. As a result, I had to delegate this task to another business office employee.

Exhibit 3 [77-10], at 3. Plaintiff argues that the Court must strike this paragraph because "none of the emails or documents Ms. Sumrall allegedly sent or any documents regarding the allegations were produced in discovery."[2]

Plaintiff's argument is meritless because the paragraph does not refer to any document. Defendant, in offering this affidavit testimony, is not trying to get evidence into the record regarding a document that it failed to produce. Plaintiff essentially complains that Defendant has no documentary evidence to corroborate Sumrall's testimony, but that's a credibility issue for a jury to decide. *Harvill*, 433 F.3d at 436; FED. R. EVID. 1002 advisory committee's note ("[A]n event may be proved by nondocumentary evidence, even though a written record of it was made."). The Court denies the motion with respect to paragraph 10 of Sumrall's affidavit.

### D.   *Paragraph 13*

In paragraph 13, Sumrall stated:

> In August 2018, I instructed Eddie Henderson that I needed him to process a time-sensitive purchase order that day before he left. This purchase order was for a computer software program that the District's teachers needed in order to assess their students. He did not communicate to me that he was leaving the office for the day before he left. At this time, his computer was the only computer in the office that possessed the purchasing software system; therefore, his computer was the only computer in the office that could be used to process purchase orders. In addition, he shut his computer down when he left the office for the day, and with the technology director, Patrick Robinson, having left for the day, the District had to scramble and ask Robinson to return

---

[2] Plaintiff also argued in reply that the testimony violates the "best evidence" rule. The Court does not address arguments raised for the first time in reply. *Wallace*, 400 F.3d at 292. Regardless, the paragraph does not purport to describe the contents of any writing, photograph, or document, and the "best evidence" rule is inapplicable.

to work that evening after hours in order to complete this purchase order. Eddie Henderson's conduct delayed the District from furnishing an important software package to its teachers. As a result of this incident, I issued Eddie Henderson a written reprimand that addressed a variety of his work-related deficiencies. As the Business Administrator for the District, I am the custodian of all the records in the business office of the Jones County School District, and I certify that Exhibit 9 to Henderson's Deposition is a true and correct copy of the written reprimand that I issued to Eddie Henderson and documented in his personnel file.

Exhibit 3 [77-10], at 4. Plaintiff argues that this paragraph must be stricken because Defendant failed to produce the alleged purchase order during discovery.[3]

Once again, Plaintiff essentially argues that, absent corroborating documentary evidence, the Court must exclude *all* evidence of an event. That is not true. As noted above, "an event may be proved by nondocumentary evidence, even though a written record of it was made." FED. R. EVID. 1002 advisory committee's note; *see also McClendon v. United States*, 892 F.3d 775, 785 (5th Cir. 2018) ("self-serving and uncorroborated" testimony was sufficient to preclude summary judgment). Defendant's purported failure to corroborate its witnesses' testimony with documentary evidence is a credibility issue for the jury to decide. *Harvill*, 433 F.3d at 436. The Court denies the motion with respect to paragraph 13 of Sumrall's affidavit.

## E.   *Paragraphs 14 & 15*

In paragraph 14, Sumrall provided a lengthy summary of the District's

---

[3] Once again, Plaintiff argued in reply that the testimony violates the "best evidence" rule. The Court will not consider this argument. *Wallace*, 400 F.3d at 292. Regardless, paragraph 13 does not purport to describe the contents of any writing, photograph, or document, and the "best evidence" rule is inapplicable.

procedures for submitting and processing purchase orders. Exhibit 3 [77-10], at 4-5. In paragraph 15, Sumrall testified that Plaintiff committed a "gross violation of the District's purchasing procedures" in February 2019. *Id.* at 5. She attached a copy of the Mississippi Department of Education's ("MDOE's") general purchasing procedures as an exhibit to the affidavit. *Id.* at 9-11. According to Sumrall, when she confronted Plaintiff, he "slammed his cell phone down on the desk and shouted," making her feel "intimidated and unsafe." *Id.* at 6. When she "asked the Assistant Superintendent to come observe the remainder" of the conversation, Plaintiff suggested that he could record the conversation. *Id.* They told Plaintiff "that recording using his personal cell phone was against District policy," and he refused to speak to them. *Id.* Sumrall included a copy of an incident report from Plaintiff's personnel file as an exhibit to the affidavit. *Id.* at 12-13.

Plaintiff argues the Court should strike all of paragraphs 14 and 15. First, he argues that Sumrall's statement that he violated a purchasing procedure must be stricken as "conclusory" and "speculative" because she failed to cite a specific written procedure issued by Defendant. He contends that her testimony violates the "best evidence" rule.

Sumrall's testimony in paragraphs 14 and 15 is neither conclusory nor speculative. It is undisputed that she is Defendant's Business Administrator, and, therefore, that she has personal knowledge of the matters addressed in paragraphs 14 and 15. *Id.* at 1. She provided highly detailed testimony regarding the District's

procedures for processing purchase orders. *Id.* at 4-5. As the Court has noted numerous times in this opinion, the "best evidence" rule does not require a party to prove a fact by documentary evidence just because documentary evidence may exist. *See* FED. R. EVID. 1002 advisory committee's note; *Webb v. Everhome Mortgage*, 2017 WL 4082592, at *2 (N.D. Tex. Jan. 26, 2017). In other words, "there is no general rule stating that a fact may only be proved through the best evidence available," *Webb*, 2017 WL 4082592 at *2, and testimony is not "conclusory" or "speculative" just because a party fails to provide corroborating documentation. Defendant is free to present testimonial evidence regarding a policy or procedure, and Plaintiff is free to point out that the absence of a written policy or procedure.

Plaintiff also argues that the Court must strike the attached MDOE purchasing guidelines because Defendant did not produce them during discovery. In response, Defendant argues that the Court can take judicial notice of the purchasing guidelines because they are available on the MDOE's public website.

Defendant is correct. "The Fifth Circuit has determined that courts may take judicial notice of governmental websites." *In re Katrina Canal Breaches*, 533 F. Supp. 2d 615, 632 (E.D. La. 2008) (citing numerous cases). Moreover, any failure to produce the guidelines during discovery was harmless because they were equally available to Plaintiff. They are important because, at a minimum, they provide important context for Sumrall's testimony regarding Defendant's purchasing procedures. The Court denies the motion with respect to paragraphs 14 and 15 of Sumrall's affidavit.

13

For all these reasons, the Court denies Plaintiff's Motion to Strike [80] portions of Sarah Sumrall's affidavit.

### IV. MOTION TO STRIKE PORTIONS OF AFFIDAVIT OF THOMAS PARKER [81]

Plaintiff filed a Motion to Strike [81] certain paragraphs from the affidavit of Thomas Parker [77-9] submitted as an exhibit to Defendant's Motion for Summary Judgment [76]. The Court will address each disputed paragraph in turn.

### A. *Paragraph 17*

In paragraph 17 of the affidavit, Parker stated:

> I began to observe problems with Eddie Henderson's work performance in the Spring of 2017. Joey Landrum's frequent absence from the District office in April 2017 going forward marked the point where Eddie Henderson's work performance worsened. Beginning in April 2017, I had to become personally involved in several matters where Eddie Henderson demonstrated insubordination and poor job performance. Based on my personal observations of his job performance, Eddie Henderson lacked the requisite aptitude, skill, knowledge, and initiative to fulfill the purchasing agent position when that position had existed.

Exhibit 2 to Motion for Summary Judgment at 7, *Henderson v. Jones County Sch. Dist.*, No. 2:18-CV-188-KS-MTP (S.D. Miss. May 15, 2020), ECF No. 77-9.

Plaintiff argues that the Court must strike this entire paragraph because Parker made "conclusory allegations" regarding his job performance without providing any specific factual basis. In response, Defendant argues that paragraph 17 is an introductory paragraph, and that later paragraphs contain the factual support for Parker's perception of Plaintiff's job performance.

It is clear that paragraph 17 was intended to function as an introductory or

summary paragraph. Later paragraphs in the affidavit, such as paragraphs 18, 19, 20, 21, and 22 contain substantial factual allegations which support the opinion provided in paragraph 17, and, as explained below, Plaintiff's objections to those paragraphs are likewise without merit. Therefore, the Court denies the motion with respect to paragraph 17 of Parker's affidavit.

**B.      *Paragraphs 18 & 19***

In paragraphs 18 and 19, Parker stated:

> In April 2017, I instructed Henderson to publish the necessary information in the newspaper regarding warehouse bids. Henderson placed incorrect information in the publication. Because of this error, the publication had to be corrected, re-submitted, and re-advertised. Eddie Henderson's error cost the District time and money.

> In July 2018, I instructed Henderson to prepare and submit a publication notice for the District to advertise for sixteenth section timber bids. Henderson placed incorrect information in the publication. Because of this error, the publication had be corrected, re-submitted, and re-advertised. Eddie Henderson's error cost the District time and money.

Exhibit 2 [77-9], at 7-8.

Plaintiff argues that the Court must strike these paragraphs because Defendant did not produce the bids which allegedly had to be republished. Rule 37 provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use *that information or witness* to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1) (emphasis added). Defendant did not offer any unproduced bids as an exhibit to its motion, and Plaintiff does not contend

that Defendant wholly failed to disclose this aspect of Parker's testimony during discovery. In fact, Plaintiff took Parker's deposition. *See* Exhibit E to Response, *Henderson v. Jones County Sch. Dist.*, No. 2:18-CV-188-KS-MTP (S.D. Miss. June 8, 2020), ECF No. 85-5. Therefore, even if Defendant failed to produce copies of the bids themselves, Plaintiff has not demonstrated that Rule 37 requires – or even permits – the Court to bar *all* evidence on this topic, as opposed to just any unproduced documents. *Cf.* FED. R. EVID. 1002 advisory committee's note ("[A]n event may be proved by nondocumentary evidence, even though a written record of it was made.").

Plaintiff also argues that the Court must strike these paragraphs in accordance with the "best evidence" rule. As the Court has noted numerous times in this opinion, the "best evidence" rule does not require a party to prove a fact by documentary evidence just because documentary evidence may exist. *See* FED. R. EVID. 1002 advisory committee's note; *Webb*, 2017 WL 4082592 at *2. "[T]here is no general rule stating that a fact may only be proved through the best evidence available." *Webb*, 2017 WL 4082592 at *2. Moreover, the "best evidence" rule is inapplicable here because Parker does not attempt to describe the contents of any writing, photograph, or document. The Court denies the motion with respect to paragraphs 18 and 19 of Parker's affidavit.

**C.    *Paragraph 20***

In paragraph 20, Parker stated:

Throughout 2017, 2018, and 2019, I had to remind Eddie Henderson that Karen Mosley and Sarah Sumrall were his supervisors. I observed

Eddie Henderson's deportment and demeanor toward Karen Mosley and Sarah Sumrall. On a consistent basis, I observed Eddie Henderson exhibit a defiant attitude and disrespectful demeanor towards Karen Mosley and Sarah Sumrall. On a consistent basis, I observed Eddie Henderson conduct himself in such a way that made every aspect of work more difficult for Karen Mosley and Sarah Sumrall. On a consistent basis, I observed Eddie Henderson display an unwillingness to get along with his supervisors, Karen Mosley and Sarah Sumrall.

Exhibit 2 [77-9], at 8.

Plaintiff argues that the Court must strike this paragraph as "conclusory" and "speculative" because Parker failed to provide any factual support for his claim that Plaintiff displayed a "defiant attitude" or "disrespectful demeanor." In response, Defendant argues that paragraph 20 is an introductory paragraph, and that paragraphs 21 and 22 contain the factual support for Parker's conclusions.

It is clear that paragraph 20 was intended to function as an introductory or summary paragraph. Paragraphs 21 and 22 contain substantial factual allegations which support the opinion provided in paragraph 20, and, as explained below, Plaintiff's objections to those paragraphs are likewise without merit. Therefore, the Court denies the motion with respect to paragraph 20 of Parker's affidavit.

**D.    *Paragraphs 21 & 22***

In paragraph 21, Parker described events surrounding a dispute between Plaintiff and Sarah Sumrall in August 2018. Exhibit 2 [77-9], at 8-9. According to Parker, Plaintiff wanted to file a grievance against Sumrall because she had issued him a written reprimand regarding his work performance. *Id.* at 8. Parker said that he met with Plaintiff, Sarah Sumrall, and Karen Mosley in an effort to resolve

17

Plaintiff's grievances. *Id.* According to Parker, Plaintiff made three claims against Sumrall and Mosley, but each were either false or lacked merit. *Id.* Parker described each grievance, explained why it was meritless, and attached a copy of his notes from the meeting as an exhibit to the affidavit. *Id.* at 8-9, 57.

In paragraph 22, Parker described events surrounding another dispute between Plaintiff and Sumrall in February 2019. *Id.* at 9-10. Sumrall verbally reprimanded Plaintiff for failing to follow the District's purchasing procedures, and Plaintiff claimed that Sumrall had been "rude and obnoxious." *Id.* at 9. Parker stated that after he began speaking with Plaintiff, he discovered that Plaintiff had not, in fact, followed proper purchasing procedures. *Id.* Therefore, Parker explained the importance of the purchasing procedures. *Id.* Parker stated: "Based on my interactions with him, I personally observed that Eddie Henderson lacked a fundamental understanding of the purchasing laws, purchasing procedures, and the consequences for failure to follow them." *Id.* at 9-10. He attached a copy of his notes from the meeting as an exhibit to the affidavit. *Id.* at 58.

Plaintiff argues that the Court must strike both of these paragraphs because they are conclusory and speculative. Plaintiff contends that Parker provided no factual support for any of his conclusions. The Court disagrees. Paragraphs 21 and 22 contain substantial factual details regarding interactions Parker had with Plaintiff. Although Parker could have included more details – such as how Plaintiff allegedly failed to follow proper purchasing procedures – that deficiency does not

18

merit striking the entirety of both paragraphs.

## E.   *Paragraph 29*

In Paragraph 29, Parker stated, in relevant part:

Eddie Henderson applied to receive unemployment benefits with the Mississippi Department of Employment Security. MDES initially denied Eddie Henderson's claim for unemployment benefits. Eddie Henderson appealed that decision which resulted in an on-the-record telephonic hearing before an administrative law judge. At that hearing, the District presented documentation that Eddie Henderson had been insubordinate, had refused to follow instructions, had exhibited poor work performance, and had engaged in willful misconduct of the policies in the District's Personnel Handbook. The ALJ denied Eddie Henderson's claim for unemployment benefits, and MDES mailed the District a copy of its decision. When I received this decision from MDES, I placed it in Henderson's personnel file. . . . Eddie Henderson appealed this decision to the MDES Board of Review, which affirmed the decision denying unemployment benefits. Eddie Henderson did not appeal the MDES Board of Review's decision to circuit court.

Exhibit 2 [77-9], at 13-14. Parker attached a copy of the ALJ's decision as an exhibit to the affidavit. *Id.* at 60-63.

Plaintiff argues that this entire paragraph should be stricken because the ALJ's decision is inadmissible, but Plaintiff provided no argument as to why the ALJ's decision is inadmissible. In response, Defendant notes that Plaintiff provided no reason why paragraph 29 should be stricken, but it argues that, in the event Plaintiff objects to the paragraph on hearsay grounds, Parker did not repeat any out-of-court statement. Rather, he described the procedural history of administrative proceedings that he personally observed.

Plaintiff apparently abandoned this aspect of his motion, as he failed to

19

address paragraph 29 in his reply brief. Regardless, absent a specific argument from Plaintiff, the Court declines to strike paragraph 29. The Court will not consider the findings of fact within the ALJ's decision as proof of the matters asserted therein. Rather, the Court will only consider the ALJ's decision as evidence of the procedural history of the administrative proceedings. To the extent Plaintiff argues that the testimony provided in paragraph 29 is conclusory and/or speculative, the Court rejects the argument. Paragraph 29 is neither conclusory nor speculative.

For all these reasons, the Court denies Plaintiff's Motion to Strike [81] portions of the affidavit of Thomas Parker.

## V. MOTION TO STRIKE EXHIBITS TO MOTION FOR SUMMARY JUDGMENT [83]

Plaintiff filed a "Motion to Strike Exhibits Filed in Support of Defendant's Motion for Summary Judgment" [83]. Therein, Plaintiff argues that the Court should strike certain paragraphs from the affidavits of Karen Mosely [77-11] and Thomas Parker [77-9].

### A.   *Unspecified Evidence*

Plaintiff generally argued that the Court must strike "all evidence regarding computer usage records and metadata," but he only referred to two exhibits in briefing: the affidavits of Karen Mosely [77-11] and Thomas Parker [77-9]. The Court is not obligated to sift through the record on Plaintiff's behalf and guess which exhibits he believes should be stricken. *Cf. RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010). Therefore, to the extent Plaintiff seeks the exclusion of any

evidence "regarding computer usage records and metadata" beyond the specific items addressed in his motion – the affidavits of Karen Mosely [77-11] and Thomas Parker [77-9] – the Court denies the motion for its lack of specificity.

## B.   *Parker's Affidavit*

Plaintiff argues that the Court should strike paragraphs 17-20, 22-26, and 29 of Thomas Parker's affidavit [77-9]. The Court described paragraphs 17-20, 22, and 29 above. Plaintiff did not provide any argument in the present motion as to those paragraphs. Therefore, in the absence of any coherent argument in the present motion regarding paragraphs 17-20, 22, and 29, the Court declines to strike them. Alternatively, the Court declines to strike them for the same reasons provided above.

In paragraphs 23-26, Parker explained that the "District's Personnel Handbook explicitly prohibits the use of District computers or technology resources for personal gain or convenience." Exhibit 2 [77-9], at 10. According to Parker, the District's business administrator, Sarah Sumrall, brought him "a large amount of documentation that had been obtained from Eddie Henderson's District-assigned computer," prompting him to investigate whether Plaintiff had been violating District policy and using his computer for personal matters. *Id.*

Parker claims to have "personally investigated and reviewed the contents" of the computer and "discovered an electronic file on the hard drive of the computer that contained approximately 375 documents," totaling "well over a thousand pages," that "had nothing to do with Henderson's job duties and responsibilities with the District."

*Id.* at 10-11. "Among these documents were numerous school assignments for Franklin University, personal loan agreements, and personal lease agreements." *Id.* In addition to these documents, Henderson found a "red flash drive plugged into Eddie Henderson's District-assigned computer" that contained "advertisements and literature for Henderson's personal political campaigns, employment applications to other employers, personal financial documents, eviction notices, tax returns, personal litigation documents, and personal writings and narratives." *Id.* at 11.

Parker further claims to have "personally observed" that the personal documents he found on both the computer and the flash drive "were time-stamped which denotes when the document was last modified on the computer." *Id.* at 12. Parker stated:

> At all times during his employment with the District, Eddie Henderson was an hourly employee who was required to clock in and clock out to reflect the time he was actually working on his job duties and responsibilities for the District. Taking the dates when these documents were last modified, I reviewed Eddie Henderson's time sheets for those dates. I discovered that for the large majority of these approximately 375 documents, Eddie Henderson had been clocked in on the District's time clock when they were last modified.

*Id.* Parker listed numerous exhibits from Plaintiff's deposition 1) that he found on Plaintiff's computer and/or flash drive, and 2) which were last modified while Plaintiff was on the clock. *Id.* at 11-12. In a later paragraph, which Plaintiff has not asked the Court to strike, Parker explained that these events contributed to his decision to terminate Plaintiff's employment for alleged violation of the District's policies. *Id.* at 13.

22

Plaintiff first argues that Parker should not be permitted to "provide testimony regarding metadata and computer time stamps" because he is not a "computer expert." The purpose of expert testimony is to "inform the jury about affairs not within the understanding of the average man." *United States v. Moore*, 997 F.2d 55, 57 (5th Cir. 1993). Therefore, "[a]n expert is not permitted to state his opinion on a matter of common knowledge," *Farris v. Interstate Circuit*, 116 F.2d 409, 412 (5th Cir. 1941), and, conversely, one need not be an expert to express a lay opinion on a matter of common knowledge, as long as Rule 701's requirements are met. *See, e.g. Pearson v. Wal-Mart Stores, Inc.*, No. 2:17-CV-144-KS-MTP (S.D. Miss. July 24, 2019), ECF No. 95 (witness not required to be an expert to testify as to perceived source of water puddle in parking lot); *Walker v. Target Corp.*, 2017 WL 2987282, at *4-*5 (S.D. Miss. July 12, 2017) (permitting lay opinions as to perceived source of puddle in store).

One need not be a "computer expert" to know how to check when a computer document was created or last modified. The Court finds that this a matter of common knowledge, and that Parker does not need to be qualified as an expert to provide the testimony in his affidavit. Indeed, Defendant does not even have to satisfy Rule 701, in that Parker did not express any opinion. Rather, he simply stated what he observed. It's fact testimony, rather than opinions.

Next, Plaintiff argues that Parker should not be permitted to provide any testimony regarding files he found on Plaintiff's computer because Defendant did not produce each file in its original format. Assuming that Defendant was required to do

so, the Court finds that Plaintiff has not shown that he was prejudiced. Indeed, Plaintiff has the screenshots from the computer, and Plaintiff knows what Parker intends to testify. Parker's testimony on this point is important because Plaintiff's alleged violation of District rules regarding personal use of District-issued computers is one of the alleged reasons for his termination. Therefore, the Court finds that Parker's testimony on this point should not be excluded.

## C.   *Screenshots*

Although Plaintiff did not direct the Court to any specific exhibit, he apparently contends that the Court should strike any screenshots that Defendant presented in support of its Motion for Summary Judgment [76]. As noted above, the Court is not obligated to sift through the record on Plaintiff's behalf and guess which exhibits he believes should be stricken. *Cf. RSR Corp.*, 612 F.3d at 857. Therefore, the Court denies this aspect of Plaintiff's motion for lack of specificity.

Alternatively, the Court will assume that Plaintiff refers to the exhibits to his own deposition that Parker referred to in paragraphs 24-26 of his affidavit. Parker stated that Exhibits 19-29 to Plaintiff's deposition "are true and correct copies of a fraction of the documents that [he] reviewed on . . . Henderson's District-assigned computer," and that they "represent a fraction of the approximately 375 documents that [he] discovered on . . . Henderson's District-assigned computer." Exhibit 2 [77-9], at 11. Parker also testified that Exhibit 30 to Plaintiff's deposition "is a true and accurate depiction of the approximately 375 documents saved on the electronic file on

24

the hard drive of Henderson's District-assigned computer that [he] reviewed." *Id.* Next, Parker stated that Exhibits 32-49 to Plaintiff's deposition "are true and correct copies of documents that [he] reviewed from the red flash drive that was plugged into Henderson's District-assigned computer." *Id.* Finally, Parker stated that after comparing the discovered files to Plaintiff's time sheets, he "determined that Eddie Henderson was clocked in on the District's time clock when" Exhibits 19-29 and 32-49 to Plaintiff's deposition "were last modified." *Id.* at 12.

Exhibits 19-29 and 32-49 to Plaintiff's deposition appear to be composite exhibits. Each one is a printout of a document that Parker claims to have found on Plaintiff's computer; a photograph of the computer screen showing the document's file name, file type, file size, and the date on which it was last modified; and Plaintiff's employee time sheet for the corresponding date. *See* Exhibit 1 [77-4], at 60-103; [77-5], at 1-30; [77-6], at 2-50; [77-7], at 1-28. Exhibit 30 to Plaintiff's deposition is a collection of screenshots of the lists of files Parker claims to have found on Plaintiff's computer. Exhibit 1 [77-5], at 31-50.

First, Plaintiff argues that the Court cannot consider the computer screenshots showing the documents' file names, file types, file sizes, and the date on which they were last modified. Plaintiff contends that the screenshots violate the "best evidence" rule. As noted above, Rule 1002 provides that "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise." FED. R. EVID. 1002. "For electronically stored

information, 'original' means any printout – or other output readable by sight – if it accurately reflects the information." FED. R. EVID. 1001(d). "A duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate." FED. R. EVID. 1003. "A 'duplicate' means a counterpart produced by a mechanical, photographic, chemical, electronic, or other equivalent process or technique that accurately reproduces the original." FED. R. EVID. 1001(e).

As noted above, Parker testified via affidavit that the screenshots[4] in Exhibits 19-29 to Plaintiff's deposition are "true and correct copies of a fraction of the documents that I reviewed on . . . Henderson's District-assigned computer." Exhibit 2 [77-9], at 11. He also testified that Exhibits 32-49 are "true and correct copies of documents that I reviewed from the red flash drive that was plugged into Henderson's District-assigned computer." *Id.* Plaintiff has not presented any evidence or argument disputing this testimony. Therefore, the Court concludes that screenshots constitute duplicates as defined by Rule 1001(e). Therefore, they are admissible "unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate." FED. R. EVID. 1003. Plaintiff has not challenged the authenticity of the original computer files or demonstrated that circumstances make it unfair to admit the duplicates. Accordingly, the Court finds

---

[4] The Court notes that the images are not actually screenshots, as the term is typically used. That is, rather than automatically save or print an image of what is displayed on the computer's monitor, Parker used a separate device to take photographs of the computer screen.

that the "best evidence" rule does not bar admission of the screenshots.

Plaintiff also argues that the Court must strike the screenshots because they were not properly authenticated. Rule 901 provides: "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." FED. R. EVID. 901(a). This requirement can be satisfied by testimony from a witness "that an item is what it is claimed to be." FED. R. EVID. 901(b)(1). Moreover, "[a] photograph can be authenticated by someone other than the photographer if he recognizes and identifies the object depicted and testifies that the photograph fairly and correctly represents it." *United States v. Winters*, 530 F. App'x 390, 395 (5th Cir. 2013). The affidavit testimony from Parker, cited above, is enough to satisfy Rule 901(b)(1) with respect to the screenshots contained in Exhibits 19-29, 30, and 32-49 from Plaintiff's deposition.

Finally, Plaintiff argues that the Court must strike the screenshots because Defendant did not produce the computer files in their original formats. Assuming that Defendant was required to produce the computer files in their original formats, the Court finds that Plaintiff has not shown that he was prejudiced by Defendant's failure to do so. Indeed, Plaintiff has the screenshots, and Plaintiff knows what Parker intends to testify. Plaintiff had the opportunity to depose Parker, and Plaintiff had the opportunity to address the screenshots in his own deposition when Defendant's counsel questioned him about them at length. The screenshots are important because

Plaintiff's alleged violation of District rules regarding personal use of District-issued computers is one of the alleged reasons for his termination. Therefore, the Court finds that the screenshots should not be excluded for this reason.

## D.    *Mosely's Affidavit*

Finally, Plaintiff argues that the Court should strike numerous paragraphs from the affidavit of Karen Mosely.

### 1.    *Paragraph 5*

In paragraph 5 of her affidavit, Mosely stated:

> I observed Henderson fail to comprehend and understand the process of processing workers' compensation claims. As a result, in the Spring of 2017, I had to handle this task going forward in order to furnish Bruce Gavin, the District's insurance agent, with the information that he needed to handle the District's insurance needs.

Exhibit 4 to Motion for Summary Judgment at 1, *Henderson v. Jones Co. Sch. Dist.*, No. 2:18-CV-188-KS-MTP (S.D. Miss. May 15, 2020), ECF No. 77-11. Plaintiff argues that the Court must strike this paragraph because Defendant did not produce any documents regarding mishandled insurance claims.

First, the Court finds that Plaintiff has not demonstrated that Defendant failed to produce any document that it was obligated to produce. The Court notes that Defendant has not offered any documents relevant to the testimony in this paragraph, and the paragraph itself does not refer to any documents. Second, even if there were documents relevant to this topic, Plaintiff has not demonstrated that the failure to produce them bars all other evidence on the same subject. FED. R. EVID.

1002 advisory committee's note ("[A]n event may be proved by nondocumentary evidence, even though a written record of it was made."). Finally, even if Defendant failed to produce some unspecified document related to this issue, Plaintiff has not demonstrated that he was prejudiced by the non-disclosure. Plaintiff knew that Mosely was a potential witness, and Plaintiff knew the general nature of her testimony because it was addressed by multiple witnesses. Plaintiff also had the opportunity to depose Mosely, and as noted above, Plaintiff subpoenaed relevant documents from the District's insurance agency. For all these reasons, the Court declines to strike paragraph 5 of Mosely's affidavit.

2.      *Paragraphs 8 and 9*

In paragraph 8 of her affidavit, Mosely testified that "all business office employees, including Eddie Henderson, were instructed to place a telephone call or send a text message instead of sending an email to advise me or Sarah Sumrall if [they] were . . . going to be late or absent." Exhibit 4 [77-11], at 2. She claims to have "reminded Eddie Henderson of this instruction several times," but he allegedly "failed to follow this directive and sent an email instead of calling or texting." *Id.* at 3. According to Mosely, Plaintiff "was the only business office employee that failed to abide by this directive." *Id.*

In paragraph 9, Mosely said that "all business office employees, including Henderson, were instructed that they needed to inform a supervisor if they left the District office to run errands or make deliveries." *Id.* According to Mosely, Plaintiff

"failed to follow this directive on several occasions." *Id.*

Plaintiff argues that these paragraphs must be stricken because Defendant did not produce any "records of these directives." First, the paragraphs do not refer to any written directives. Therefore, it is not clear that there were any written directives to produce. Second, even if there were written records of these purported directives, the Court declines to strike paragraphs 8 and 9 for the same reasons provided in its discussion of paragraph 5. Finally, the Court notes that it appears to be undisputed that Defendant did, in fact, produce the emails from Plaintiff that Mosely referred to in paragraph 8. *See, e.g.* Exhibit 7 to Motion for Summary Judgment, *Henderson v. Jones Co. Sch. Dist.*, No. 2:18-CV-188-KS-MTP (S.D. Miss. May 15, 2020), ECF No. 77-14; Exhibit 1 [77-7], at 70, 74, 76.

     3.     *Paragraph 11*

In paragraph 11, Mosely testified:

> On January 23, 2018, I needed to process purchase orders in Eddie Henderson's absence. When I gained access to the purchasing software, I discovered that a substantial number of purchase orders had been submitted on January 11, 2018, but had been accumulating in the system and had not been processed. Instead of processing purchase orders in a timely manner, I discovered that Henderson had let them pile up in the system which prevented the schools from getting the necessary goods, services, and supplies that they needed.

*Id.* at 3.

Plaintiff argues that this paragraph must be stricken because Defendant did not produce any purchase orders that were not processed timely or properly. The Court declines to strike this paragraph for the same reasons provided in its discussion

of Sarah Sumrall's affidavit testimony. It is undisputed that Mosely was the District's office manager and Plaintiff's supervisor from the spring of 2017 through his termination in March 2019. *Id.* at 1. Therefore, she has personal knowledge of the matters addressed throughout her affidavit. *Id.* As the Court has noted numerous times in this opinion, the "best evidence" rule does not require a party to prove a fact by documentary evidence just because documentary evidence may exist. *See* FED. R. EVID. 1002 advisory committee's note; *Webb*, 2017 WL 4082592 at *2. In other words, "there is no general rule stating that a fact may only be proved through the best evidence available." *Webb*, 2017 WL 4082592 at *2. Defendant is free to present testimonial evidence regarding Plaintiff's alleged failure to properly process purchase orders, and Plaintiff is free to point out the absence of written purchase orders.

### 4.    *Paragraph 12*

Finally, in paragraph 12, Mosely testified:

> As the Office Manager, I am in charge of reviewing the docket of claims which includes inspecting purchase orders for correctness before they are presented to the Board for approval. From June 2017 through March 2019, I discovered numerous purchase orders that had been erroneously processed and had to be corrected. Every month during this time period, I discovered an error with a purchase order that Eddie Henderson had processed. I observed Eddie Henderson repeatedly make the same errors over and over again. On a consistent basis, I observed Eddie Henderson fail to improve his job performance to eliminate careless errors. When I discovered errors, I instructed him to correct them. As the Office Manager, I am the custodian of the records of all the business office records, and I certify that Exhibits 16, 17, and 18 to Eddie Henderson's deposition are true and correct copies of purchase orders that he erroneously processed. Exhibits 16, 17, and 18 are merely a sample of the numerous errors that I discovered in reviewing purchase orders that Eddie Henderson processed.

Exhibit 4 [77-11], at 3-4.

Plaintiff argues that the Court must strike this paragraph because Defendant only produced three actual purchase orders in support of this testimony. The Court declines to strike this paragraph for the same reasons provided in its discussion of Sarah Sumrall's testimony regarding Plaintiff's alleged problems processing purchase orders. As noted above, "an event may be proved by nondocumentary evidence, even though a written record of it was made." FED. R. EVID. 1002 advisory committee's note; *see also Webb*, 2017 WL 4082592 at *2; *McClendon*, 892 F.3d at 785 ("self-serving and uncorroborated" testimony was sufficient to preclude summary judgment). Defendant's purported failure to corroborate its witnesses' testimony with documentary evidence is a credibility issue for the jury. *Harvill*, 433 F.3d at 436.

For all of these reasons, the Court **denies** Plaintiff's Motion to Strike [83] certain exhibits to Defendant's Motion for Summary Judgment.

## VI. MOTION FOR SUMMARY JUDGMENT [76]

Defendant filed a Motion for Summary Judgment [76] as to each of Plaintiff's claims. Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the

nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (punctuation omitted). The nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* "An issue is material if its resolution could affect the outcome of the action." *Sierra Club*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812.

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

## A.   *Failure to Promote*

First, Plaintiff concedes his claims arising from Defendant's alleged failure to promote him to another position. Therefore, the Court grants Defendant's motion as to any claims arising from Defendant's alleged failure to promote Plaintiff.

## B.   *Hostile Work Environment*

Next, Plaintiff concedes his claim of hostile work environment. Therefore, the Court grants Defendant's motion as to any hostile work environment claim.

C.     *Disparate Treatment in Wages*

Plaintiff apparently contends that he was not paid the same amount as similarly situated white employees. He argues that Defendant required him to obtain a college degree before moving him from the lower "administrative" pay scale to the higher "executive" pay scale, while white employees without a bachelor's degree were paid more. In briefing, Plaintiff did not clarify the legal theory underlying this claim. The Court will assume that Plaintiff asserted a wage discrimination claim under Title VII, 42 U.S.C. § 1981, and the Fourteenth Amendment's Equal Protection Clause, which were all cited in his pleading.

1.     *Title VII*

Among other things, Defendant argues that Plaintiff did not timely exhaust his administrative remedies for any disparate treatment claim related to the promotion in pay scale. Before seeking judicial relief under Title VII, plaintiffs must "exhaust their administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission within 180 days of the alleged discrimination." *Davis v. Fort Bend County*, 893 F.3d 300, 303 (5th Cir. 2018) (citing 42 U.S.C. § 2000e-5(e)(1)). "This time limit operates as a statute of limitations," *Hood v. Sears Roebuck and Co.*, 168 F.3d 231, 232 (5th Cir. 1999), and "[i]f an EEOC charge is untimely filed, a suit based upon the untimely charge should be dismissed." *Wilson v. Secretary, Dep't of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir. 1995).

It is undisputed that Defendant promoted Plaintiff to the executive pay scale

34

on July 1, 2013. Exhibit 2 [77-9], at 3. Plaintiff filed his initial charge of discrimination on September 1, 2017 – more than 180 days after the alleged discriminatory conduct. Exhibit A to Complaint, *Henderson v. Jones County Sch. Dist.*, No. 2:18-CV-188-KS-MTP (S.D. Miss. Nov. 6, 2018), ECF No. 1-2. Therefore, Plaintiff's wage discrimination claim under Title VII is barred because Plaintiff failed to timely exhaust his administrative remedies.

2.       *§§ 1981, 1983*

Defendant also argues that any disparate treatment claims under 42 U.S.C. §§ 1981 and 1983 premised upon the promotion in pay scale are barred by the applicable statute of limitations. "The statute of limitations for Section 1983 claims is the forum state's personal-injury limitations period . . . ." *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 421 (5th Cir. 2016); *see also Walker v. Epps*, 550 F.3d 407, 415 (5th Cir. 2008). Therefore, Section 1983 claims must be filed "within three (3) years next after the cause of such action accrued, and not after." MISS. CODE ANN. § 15-1-49. A Section 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Smith*, 827 F.3d at 421.

It is undisputed that Defendant promoted Plaintiff to the executive pay scale on July 1, 2013. Exhibit 2 [77-9], at 3. Plaintiff filed his initial Complaint [1] on November 6, 2018 – more than three years after the alleged discriminatory conduct. Therefore, his Section 1983 claim premised upon alleged wage discrimination is barred by the applicable statute of limitations.

"Section 1981 claims are subject to either Mississippi Code § 15-1-49(1)'s three-year statute of limitations or 28 U.S.C. § 1658's four-year statute of limitations, the latter applying if the plaintiff's cause of action was made possible by the 1991 amendments to the Civil Rights Act." *McBride v. Davis*, 2014 WL 232066, at *6 (S.D. Miss. Jan. 22, 2014) (citing *Liddell v. Northrop Grumman Shipbuilding, Inc.*, 836 F. Supp. 2d 443, 452 (S.D. Miss. 2011)).

As previously noted, it is undisputed that Defendant promoted Plaintiff to the executive pay scale on July 1, 2013. Exhibit 2 [77-9], at 3. Plaintiff filed his initial Complaint [1] on November 6, 2018 – more than four years after the alleged discriminatory conduct. Therefore, his Section 1981 claim premised upon alleged wage discrimination is barred by the applicable statute of limitations.

### D. *Retaliation*

Plaintiff claims that Defendant fired him in retaliation for complaining about alleged racial discrimination, filing an EEOC charge, and filing a civil lawsuit against it. The Court applies the same analytical framework to retaliation claims asserted under Title VII and 42 U.S.C. § 1983. *See, e.g. Lauderdale v. Tex. Dep't of Crim. Justice*, 512 F.3d 157, 165 (5th Cir. 2007); *Stallworth v. Singing River Health Sys.*, 469 F. App'x 369, 372 (5th Cir. 2012). The Court employs the *McDonnell Douglas* burden-shifting framework. *Royal v. CCC & R Tres Arboles, LLC*, 736 F.3d 396, 400 (5th Cir. 2013). Plaintiff must first "present evidence of a prima facie case of" retaliation. *Vaughn v. Woodforest Bank*, 665 F.3d 632, 636 (5th Cir. 2011). To make

36

out a *prima face* case of retaliation, Plaintiff must prove that "(1) she engaged in activity protected under Title VII, (2) an adverse employment action occurred, and (3) there was a causal connection between her protected activity and the adverse employment decision." *Gardner v. CLC of Pascagoula, LLC*, 915 F.3d 320, 327-28 (5th Cir. 2019). At the initial stage of the analysis, "a plaintiff can meet his burden of causation simply by showing close enough timing between his protected activity and his adverse employment action." *Garcia v. Prof'l Contract Servs., Inc.*, 938 F.3d 236, 243 (5th Cir. 2019).

If the plaintiff presents such evidence, "discrimination is presumed, and the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the underlying employment action." *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 317 (5th Cir. 2004). "The employer's burden is one of production, not persuasion, and does not involve a credibility assessment." *Black v. Pan Am Labs., LLC*, 646 F.3d 254, 259 (5th Cir. 2011).

If the defendant can articulate a legitimate, nondiscriminatory reason for the underlying employment action, the presumption of discrimination disappears, and the plaintiff must prove that the employer's "stated explanation . . . was mere pretext." *Garcia*, 938 F.3d at 243. At the pretext stage, "[t]o establish the requisite causal connection between the protected activity and the adverse employment action, a plaintiff must show that his or her protected activity was a but-for cause of the alleged adverse action by the employer." *Fisher v. Lufkin Indus., Inc.*, 847 F.3d 752,

757 (5th Cir. 2017); *Garcia*, 938 F.3d at 243-44. In other words, the plaintiff must prove "that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360, 133 S. Ct. 2517, 186 L. Ed. 2d 503 (2013). "[T]emporal proximity alone is insufficient to prove but-for causation." *Strong v. Univ. Healthcare Sys., LLC*, 482 F.3d 802, 808 (5th Cir. 2007). "But the combination of suspicious timing with other significant evidence of pretext, can be sufficient to survive summary judgment." *United States ex rel. King v. Solvay Pharms., Inc.*, 871 F.3d 318, 334 (5th Cir. 2017).

Among other things, Defendant argues that Plaintiff can not meet his initial burden because he can not prove that he was fired because of his protected activity. For purposes of addressing the present motion, the Court will consider the filing of Plaintiff's initial Complaint [1] on November 6, 2018, as the relevant protected activity, as it is the latest in time among the protected activities Plaintiff articulated in briefing.

Plaintiff filed his initial Complaint [1] in this matter on November 6, 2018. In March 2019, approximately four months later, Plaintiff's supervisor, Sarah Sumrall, took "a large amount of documentation that had been obtained from Eddie Henderson's District-assigned computer" to Thomas Parker, the Superintendent. Exhibit 2 [77-9], at 10. Parker "decided to investigate the contents of Eddie Henderson's computer to determine if he had been violating the District's policy that

prohibits the use of District technology for personal use, gain, or convenience." *Id.* According to Parker, he decided to fire Plaintiff on March 18, 2019 – four and a half months after Parker filed this lawsuit. *Id.* at 13.

As noted above, at the initial stage of the analysis, "a plaintiff can meet his burden of causation simply by showing close enough timing between his protected activity and his adverse employment action." *Garcia*, 938 F.3d at 243. However, "the cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be 'very close.'" *Clark Co. Sch. Dist. v. Breeden*, 532 U.S. 268, 273, 121 S. Ct. 1508, 149 L. Ed. 2d 509 (2001); *see also Porter v. Houma Terrebonne Housing Auth. Bd. of Comm'rs*, 810 F.3d 940, 948 (5th Cir. 2015). Accordingly, the "four-month gap in time" between Plaintiff filing his Complaint [1] and his termination, "standing alone, is insufficient to establish *prima facie* evidence of causation." *Barkley v. Singing River Elec. Power Ass'n*, 433 F. App'x 254, 260 (5th Cir. 2011).

Plaintiff argues that the District's superintendent, Thomas Parker, admitted that he conducted a performance review of Plaintiff because Plaintiff filed this lawsuit and otherwise complained about alleged discrimination. This is a misrepresentation of Parker's testimony. Plaintiff's counsel asked Parker when he became aware of certain issues with Plaintiff's job performance, and Parker replied: "When I reviewed Mr. Henderson's personnel file as it related to some of the

complaints he had filed and started looking at that to look at his job performance."
Exhibit E [85-5], at 5. When this testimony is read in context, it is clear that Parker
did not testify that he started an investigation of Plaintiff's job performance because
Plaintiff complained. Rather, Parker testified that he became aware of issues with
Plaintiff's job performance when he looked at Plaintiff's personnel file after he
received Plaintiff's complaints. It is undisputed that Plaintiff's complaints related to
his position in the District and his job performance. No reasonable person could
conclude, based on this testimony, that Parker launched an investigation of Plaintiff's
performance in retaliation for his complaints, as Defendant argues.

Plaintiff also cites *Lott v. Forrest County*, 2015 WL 7015315 (S.D. Miss. Nov.
10, 2015), in which this Court found that there was sufficient evidence for a jury to
conclude that a public employee's termination and suspension were in retaliation for
her testimony in an election contest a year prior. *Lott* is inapposite, though, because
in that case, the sheriff who made the decision to suspend and terminate the plaintiff
admitted in his deposition that he was still upset about her testimony in the election
contest. *Id.* at *9. There is no similar evidence of animus in this case.

Finally, Plaintiff argues that he must only show that retaliation was a
"motivating factor" in his termination. Plaintiff is mistaken. In *University of Texas
Southwestern Medical Center v. Nassar*, 570 U.S. 338, 133 S. Ct. 2517, 186 L. Ed. 2d
503 (2013), the Supreme Court "limited the applicability of the mixed-motive
framework in cases involving Title VII and the Age Discrimination in Employment

Act." *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 390 (5th Cir. 2013). It "held that to satisfy the 'causal link' requirement of a Title VII retaliation claim, the employee must provide substantial evidence that 'but for' exercising protected rights, she would not have been discharged." *Wheat v. Florida Parish Juvenile Justice Comm'n*, 811 F.3d 702, 705 (5th Cir. 2016). Plaintiff has not presented evidence demonstrating that he would not have been terminated but for his protected activity.

For all these reasons, the Court finds that Plaintiff has not met his initial burden of proving a prima facie case of retaliation. Accordingly, the Court grants Defendant's motion as to Plaintiff's retaliation claims.

### E.  *Miscellaneous Disparate Treatment Claims*

Defendant argues that any disparate treatment claims under Title VII, § 1983, or § 1981 which accrued before certain dates are barred by the applicable statutes of limitations. Defendant did not, however, specify any particular claims. The Court does not have the authority to address hypothetical claims disconnected from the evidence. *Ashcroft v. Mattis*, 431 U.S. 171, 172, 97 S. Ct. 1739, 52 L. Ed. 2d 219 (1977) (court does not have jurisdiction to issue "advisory opinion upon a hypothetical basis, but for an adjudication of present right upon established facts"). Therefore, to the extent Defendant seeks a blanket ruling that any disparate treatment claims accruing before a certain date are barred, the Court denies the motion.

### F.  *Punitive Damages*

Finally, Defendant argues the Court should grant summary judgment as to

Plaintiff's demand of punitive damages. Plaintiff did not respond to this argument.

Punitive damages are unavailable under § 1983 against municipalities. *See, e.g. Newport v. Fact Concerts*, 453 U.S. 247, 271, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981). Likewise, the Civil Rights Act "precludes plaintiffs from recovering punitive damages against governments, government agencies, and political subdivisions." *Oden v. Oktibbeha Cty.*, 246 F.3d 458, 465-66 (5th Cir. 2001); *see also* 42 U.S.C. § 1981a(b)(1)). Therefore, Plaintiff can not recover punitive damages under Title VII, § 1983, or § 1981. The Court grants this aspect of Defendant's motion.

## VII. CONCLUSION

For these reasons, the Court rules as follows:

- The Court **denies** Plaintiff's Motion to Strike [79] Bruce Gavin's affidavit.

- The Court **denies** Plaintiff's Motion to Strike [80] portions of Sarah Sumrall's affidavit.

- The Court **denies** Plaintiff's Motion to Strike [81] portions of Thomas Parker's affidavit.

- The Court **denies** Plaintiff's Motion to Strike [83] certain exhibits to Defendant's Motion for Summary Judgment.

- The Court **grants in part and denies in part** Defendant's Motion for Summary Judgment [76]. The Court denies the motion as to any unspecified disparate treatment claims, but the Court grants the motion in all other respects.

- The Court **denies as moot** Defendant's Motion to Strike [88] Plaintiff's declaration and its Exhibit A.

- The Court **denies as moot** Defendant's Motion to Strike [90] portions of Plaintiff's Response and its Exhibit B.

SO ORDERED AND ADJUDGED this 1st day of September, 2020.

_____/s/_____ Keith Starrett_____
KEITH STARRETT
UNITED STATES DISTRICT JUDGE