IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**EDDIE HENDERSON**                                                                 **PLAINTIFF**

**v.**                                         **CIVIL ACTION NO. 2:18-CV-188-KS-MTP**

**JONES COUNTY SCHOOL DISTRICT**                                      **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

The Court **grants in part and denies in part** Defendant's Motion in Limine [107] as provided below.

### A.   Background

The Court previously discussed the factual background of this case. Memorandum Opinion and Order, *Henderson v. Jones County Sch. Dist.*, No. 2:18-CV-188-KS-MTP (S.D. Miss. Sept. 1, 2020), ECF No. 111. The Court granted Defendant's Motion for Summary Judgment [76] as to Plaintiff's claims arising from Defendant's alleged failure to promote him to another position, hostile work environment, wage discrimination, retaliation, and punitive damages. The Court now addresses Defendant's Motion in Limine [107].

### B.   Remaining Claim

First, the Court must determine whether there are any claims left to be adjudicated. In response to Defendant's Motion in Limine [110], Plaintiff "clarified" that he "did not concede all of his race-based claims, only his failure to promote and unequal salary claims." Response at 2, *Henderson v. Jones County Sch. Dist.*, No.

2:18-CV-188-KS-MTP (S.D. Miss. Aug. 27, 2020), ECF No. 110. Plaintiff argues that he also "claimed that he was terminated because he is black . . . ." *Id.* In reply, Defendant argues that there are no claims remaining in this case, that the Motion in Limine [107] should be denied as moot, and that the Court should enter a final judgment. Defendant contends that Plaintiff did not assert any additional claims in the Amended Complaint, or, alternatively, that Plaintiff has waived any other claims.

In the first paragraph of the Amended Complaint [46], Plaintiff stated: "This is an action to recover actual and punitive damages for race discrimination . . . ." Amended Complaint at 1, *Henderson v. Jones County Sch. Dist.*, No. 2:18-CV-188-KS-MTP (S.D. Miss. Sept. 30, 2019), ECF No. 26. Later in the pleading, Plaintiff alleged:

> After Henderson filed his initial charge of discrimination, the Defendant began putting together a list of alleged issues with Henderson so that Defendant could justify terminating Henderson. The Defendant ultimately terminated Henderson utilizing the pretext that Henderson had used school computers for personal use. The Defendant's pretextual grounds are false and also ignore the fact that white employees routinely use work computers for personal use. Ultimately, Henderson was terminated in retaliation for filing a charge of discrimination with the EEOC *and because Henderson is black*.

*Id.* at 4-5 (emphasis added).

Therefore, the Court concludes that Plaintiff plainly alleged that Defendant terminated him because of his race, in addition to a retaliatory motive. Defendant did not address this racial discrimination claim in its Motion for Summary Judgment [76]. Therefore, it is still pending.

In briefing, Defendant made 12(b)(6)-type arguments, contending that Plaintiff

did not sufficiently plead any racial discrimination claim arising from his termination. The Court declines to address such arguments at this stage in the proceedings, just before the final pretrial conference. If Defendant wanted to challenge the sufficiency of Plaintiff's pleading, it had ample opportunity to do so earlier in the case.

Defendant also argues that Plaintiff waived any discrimination claims arising from his termination. Defendant cites the Court's Order [57] of April 14, 2020, in which the Court described Plaintiff's allegations in the following manner:

> Plaintiff, an African-American man, alleges that Defendant paid him less than white employees performing the same or subordinate duties, that Defendant declined to promote him because of his race, and that Defendant's actions subjected him to a hostile work environment. Plaintiff also alleges that Defendant terminated him in retaliation for his filing a charge of discrimination with the EEOC.

Order, *Henderson v. Jones County Sch. Dist.*, No. 2:18-CV-188-KS-MTP (S.D. Miss. Apr. 14, 2020), ECF No. 57. Defendant argues that Plaintiff never contested this description of his claims or referenced any racial discrimination claim premised upon his termination until responding to Defendant's Motion in Limine.

The Court's description of Plaintiff's claims in its Order [57] of April 14, 2020, was not intended to be comprehensive. It is not the Court's job to define the scope of a case. Instead, the plaintiff initially defines the scope of a case in his pleading. Through the course of discovery, the parties learn more, and sometimes the case gets narrowed further, whether by stipulations or contested motions. But at every stage of a case, the *parties* define its scope – not the Court. The Court may facilitate

3

discussion between the parties or provide guidance in conferences. Occasionally, when presented with a dispositive motion, the Court has to decipher pleadings that are less than precise. The Court does not, however, *sua sponte* define the nature of a plaintiff's case.

The bottom line is that Plaintiff plainly stated that Defendant fired him because of his race. Defendant had the opportunity to ferret out the nature of Plaintiff's claims during discovery, and to file dispositive motions. Plaintiff did not waive the claim by "silence and inaction," as Defendant argues. It is not Plaintiff's responsibility to remind Defendant that it should conduct discovery and/or file dispositive motions regarding each allegation of the operative pleading.

### C.     *Evidence Regarding Race-Based Discrimination*

Defendant argues that the Court should exclude "all . . . evidence that concerns race-based discrimination," because it is irrelevant to Plaintiff's remaining claims. Defendant is mistaken. When an employment discrimination claim goes to trial, the question for the jury is whether the plaintiff proved that he was discriminated against because of his race. *Shattuck v. Kinetic Concepts, Inc.*, 49 F.3d 1106, 1110 (5th Cir. 1995). Therefore, evidence of other acts of discrimination may be "highly probative, depending on the circumstances." *Id.*; *see also Tratree v. BP N. Am. Pipelines, Inc.*, 390 F. App'x 386, 390 (5th Cir. 2010) (evidence of a "discriminatory culture" or other "discriminatory acts" of relevant decision-maker would be relevant and probative); *Polanco v. City of Austin, Tex.*, 78 F.3d 968, 980 (5th Cir. 1996) (affirming verdict and

noting proof of other discriminatory practices in the workplace).

Defendant has not targeted any specific evidence and provided the Court with the sort of detailed argument necessary to determine admissibility. The Court cannot simply exclude "all . . . evidence that concerns race-based discrimination," without consideration of the specific circumstances surrounding each piece of evidence. Therefore, the Court denies this aspect of Defendant's Motion in Limine [107] without prejudice to Defendant's right to raise more specific arguments at trial.

### D.    *Plaintiff's Opinions Regarding Defendant's Operations*

Defendant argues that the Court should exclude Plaintiff's opinions regarding the District's "business and financial decision-making." Defendant contends that such testimony is irrelevant to Defendant's remaining claims and unduly prejudicial.

First, Defendant has not provided specific analysis of particular opinions. This is not an issue that the Court can address in the abstract. It must consider the specific testimony in dispute. Therefore, Defendant's motion should be denied for its lack of specificity.

Second, Plaintiff contends that Defendant fired him because of his race, while Defendant contends that it fired him because of his poor job performance. Plaintiff disagrees with Defendant's evaluation of his job performance and contends that Defendant's purported reasons for firing him are false. Plaintiff's alleged job performance issues are inextricably tied up with Defendant's operations and decision-making. Therefore, Plaintiff's opinions regarding Defendant's operations and

5

decision-making – if admissible under Rule 701 – may be probative as to the credibility of Defendant's proffered reason for his termination. The Court denies this aspect of Defendant's Motion in Limine [107] without prejudice to Defendant's right to raise the issue again at trial with more specificity.

### E.     *Plaintiff's Claims Regarding Other Employees*

Defendant argues that the Court should exclude all testimony regarding employees that are not similarly situated to Plaintiff. Plaintiff is permitted to prove discrimination by providing evidence of disparate treatment. *See, e.g. West v. City of Houston, Tex.*, 960 F.3d 736, 740 (5th Cir. 2020); *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 221 (5th Cir. 2001). But the proffered comparators from outside Plaintiff's protected class must be "similarly situated" to Plaintiff. *West*, 960 F.3d at 740. The Fifth Circuit has "defined 'similarly situated' narrowly, requiring the employees' situation to be 'nearly identical.'" *Id.* "Employees are similarly situated when they (1) held the same job or responsibilities, (2) shared the same supervisor or had their employment status determined by the same person, and (3) have essentially comparable violation histories." *Id.*

The Court declines to sift through Plaintiff's sworn declaration and deposition testimony and pick out every example of such testimony. This issue needs to be handled on a case-by-case basis at trial. Defendant may raise the issue again at trial with more specificity. Plaintiff may be required to establish the admissibility of such testimony outside the presence of the jury before presenting it.

## F. *Plaintiff's Claims Regarding His Degree*

Defendant argues that the Court should exclude any evidence of "time-barred" claims, such as his claim that he was required to obtain a degree before he received a pay raise, while white employees were not required to do so. As noted above, evidence of other examples of racial discrimination may be highly probative of Plaintiff's claims. The Court declines to issue a broad gag order regarding all matters occurring before a specific date. Indeed, the Court declined to grant summary judgment on such a sweeping, nonspecific basis. The Court presently denies this aspect of Defendant's motion, without prejudice to Defendant's right to raise the issue again at trial with more specificity.

## G. *"The Help" Comment*

Defendant argues that the Court should exclude all evidence that Karen Mosely made a stray comment about "The Help" – presumably, the popular movie and book about African-American household workers in Jackson, Mississippi. Defendant argues that the comment is irrelevant to Plaintiff's claims because Mosely was not the decision-maker. Defendant also argues that evidence of the comment is inadmissible under Rule 403.

Stray race-related "remarks are appropriately taken into account . . . , even where the comment is not in the direct context of the termination and even if uttered by one other than the formal decision maker, provided that the individual is in a position to influence the decision." *Palasota v. Haggar Clothing Co.*, 342 F.3d 569,

578 (5th Cir. 2003). "To be relevant evidence considered as part of a broader circumstantial case, the comments must show: (1) discriminatory animus (2) on the part of a person that is either primarily responsible for the challenged employment action or by a person with influence or leverage over the relevant decisionmaker." *Goudeau v. Nat'l Oilwell Varco, L.P.*, 793 F.3d 470, 476 (5th Cir. 2015).

The Court declines to determine the admissibility of testimony regarding the "Help" comment at this time. Defendant is free to raise the issue again at trial when the Court can hear the testimony and assess its probative value and potential prejudice with greater specificity.

## H.    *"Blonde Bitch" Comment*

Defendant argues that the Court should exclude any testimony that District employees referred to Sumrall as "the blonde bitch." Plaintiff contends that this testimony is relevant because Defendant alleged that Plaintiff was hostile and insubordinate toward Sumrall. Plaintiff represents that Parker, the superintendent, admitted in a recorded conversation that employees referred to Sumrall in this manner.

The Court finds that this evidence is relevant to Plaintiff's claim that he was fired because of his race. If Defendant claims that it fired Plaintiff, at least in part, because he was hostile and insubordinate, yet white employees openly referred to Sumrall in this manner, it casts doubt on Defendant's purported reasons for the termination. As for Rule 403, the Court needs to hear the testimony in person and in

8

the context of trial to assess its potential prejudice. The Court declines to exclude this evidence at present, but Defendant is free to raise the issue again at trial.

### I.   *Statistical Evidence*

Defendant argues that the Court should exclude all "statistical evidence," such as evidence concerning the number of black employees in the District, the positions held by black employees, and the racial demographics of Jones County. Plaintiff conceded the motion as to any statistical data "specifically about Jones County and the Jones County School District." Therefore, the Court grants this aspect of the motion as unopposed.

SO ORDERED AND ADJUDGED this 8th day of September, 2020.

                                         /s/    Keith Starrett
                                            KEITH STARRETT
                         UNITED STATES DISTRICT JUDGE