IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

EDDIE HENDERSON                                                    PLAINTIFF

v.                                  CIVIL ACTION NO. 2:18-CV-188-KS-MTP

JONES COUNTY SCHOOL DISTRICT                                       DEFENDANT

## MEMORANDUM OPINION AND ORDER

For the reasons provided below, the Court **denies** Plaintiff's Motion for Reconsideration [117], **denies** Defendant's Motion for Attorney's Fees [114] **without prejudice**, and **grants** Defendant's Motion for Leave to File [120] an out-of-time motion for summary judgment.

## I. BACKGROUND

The Court previously discussed the background of this case. *See Henderson v. Jones County Sch. Dist.*, 2020 WL 5222376 (S.D. Miss. Sept. 1, 2020). On September 1, 2020, the Court entered a Memorandum Opinion and Order [111] addressing several motions, including Defendant's Motion for Summary Judgment [76]. The Court granted the motion in part and denied it in part.

First, Plaintiff conceded his claims arising from Defendant's alleged failure to promote him to another position and his claim of hostile work environment. *Id.* at *15. Next, the Court granted Defendant's motion as to Plaintiff's claim of wage discrimination under Title VII because Plaintiff failed to timely exhaust his

administrative remedies. *Id.* at *16. The Court also granted the motion as to Plaintiff's wage discrimination claim under 42 U.S.C. §§ 1981 and 1983 because they are barred by the applicable statute of limitations. *Id.* The Court also found that Plaintiff had not presented sufficient evidence to make out a *prima facie* case of retaliation and granted Defendant's motion as to such claims. *Id.* at *18. The Court denied the motion as to any hypothetical disparate treatment claims under Title VII, § 1983, or § 1981. *Id.* Finally, the Court granted the motion as to Plaintiff's claim for punitive damages. *Id.*

Following the Court's ruling, the parties filed several more motions, which the Court now addresses.

## II. MOTION FOR RECONSIDERATION [117]

Plaintiff filed a Motion for Reconsideration [117] as to the Court's opinion [111] granting Defendant's Motion for Summary Judgment [76]. Plaintiff argues that the Court should reconsider the entire opinion, but his arguments only relate to the retaliation claim. "Rule 54(b) authorizes a district court to reconsider and reverse its prior rulings on any interlocutory order for any reason it deems sufficient." *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013).

First, Plaintiff contends that the Court erroneously granted summary judgment as to his retaliation claim because the record contained evidence of discriminatory animus by Thomas Parker, the District's superintendent. Plaintiff argues that his personnel file did not contain any performance issues until Parker

put them there after Plaintiff complained about alleged discrimination. Plaintiff argues that a jury could reasonably conclude that Parker was looking for performance issues because he wanted an excuse to fire Plaintiff.

As the Court noted in its previous opinion, Plaintiff filed his initial Complaint [1] in this matter on November 6, 2018. In March 2019, approximately four months later, Plaintiff's supervisor, Sarah Sumrall, took "a large amount of documentation that had been obtained from Eddie Henderson's District-assigned computer" to Thomas Parker, the Superintendent. Exhibit 2 [77-9], at 10. Based on what Sumrall brought him, Parker "decided to investigate the contents of Eddie Henderson's computer to determine if he had been violating the District's policy that prohibits the use of District technology for personal use, gain, or convenience." *Id.* According to Parker, he decided to fire Plaintiff on March 18, 2019 – four and a half months after Parker filed this lawsuit. *Id.* at 13. Plaintiff has not directed the Court to any evidence that Parker directed Sumrall to look for evidence that Plaintiff had violated District policy, or that Sumrall – the one who snitched on Plaintiff – made the decision to fire Plaintiff. Rather, the evidence shows that Sumrall brought the evidence to Parker, Parker initiated an investigation, and then Parker made the decision to fire Plaintiff when the investigation was complete.

On summary judgment, the Court is required to view the evidence in the light most favorable to the non-moving party, not spin facts until they don't resemble the actual record evidence. Plaintiff's briefing is replete with factual assertions

3

unaccompanied by citation to the record, but the Court is not required to search through the record on Plaintiff's behalf. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010). Additionally, Plaintiff repeatedly asserted that he only received one written Disciplinary Action Form during his tenure, but he ignored the other evidence of performance issues, for which he received written reprimands via e-mail. *See* [77-7], at 61-76.

Second, Plaintiff argues that four months between the protected activity and adverse employment action is close enough to infer causation at the *prima facie* stage of the Court's analysis. The Court rejects this argument for the same reasons provided in its previous opinion. *Henderson*, 2020 WL 5222376 at *17. *Shirley v. Chrysler First, Inc.*, 970 F.2d 39 (5th Cir. 1992), cited by Plaintiff, is inapposite. There, the record contained evidence that the plaintiff's employer "mentioned her EEOC complaint to her at least twice and week and harassed her to death about it." *Id.* at 43. There was also evidence that the employer "was 'trying to run her off' and was 'real abusive' to her as he made disparaging comments about her EEOC complaint." *Id.* Finally, unlike here, the plaintiff in *Shirley* had no history of performance problems, and her former supervisor testified that she "had always fulfilled her job requirements." *Id.* Then, "suddenly, after Shirley filed her EEOC complaint, problems with her work surfaced." *Id.* Here, there is no evidence of harassment or abuse immediately following the filing of Plaintiff's EEOC charge, and the record contains evidence of problems with Plaintiff's job performance both before

4

and after he filed an EEOC charge.

For these reasons, the Court **denies** Plaintiff's Motion for Reconsideration [117].

### III. MOTION FOR ATTORNEY'S FEES [114]

Defendant filed a Motion for Attorney's Fees [114]. It argues that the Court should award its attorney's fees for the defense of Plaintiff's claims for failure to promote, hostile work environment, wage discrimination, and retaliation, citing 42 U.S.C. § 1988, 42 U.S.C. § 2000e-5, and the Court's inherent authority.

42 U.S.C. § 1988 provides: "In any action or proceeding to enforce a provision of [42 U.S.C. § 1983], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988(b). However, there may be two "prevailing parties" in a case, and in such cases, the Court is "entitled in its discretion to make an assessment as to the reasonableness of awarding fees to both parties or, conversely, neither." *Genesis Marine, LLC of Delaware v. Hornbeck Offshore Servs., LLC*, 951 F.3d 629, 632 (5th Cir. 2020). There is one cause of action remaining in this case. The Court believes that any request for fees should be deferred until after the case is finally resolved. Therefore, the Court **denies** Defendant's Motion for Attorney's Fees **without prejudice** to Defendant's right to file it again once the case is fully resolved.

### IV. MOTION FOR LEAVE TO FILE [121]

Defendant seeks leave to file an out-of-time Motion for Summary Judgment as

5

to Plaintiff's claim of racial discrimination. Rule 56 provides: "Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." FED. R. CIV. P. 56(b). This Court's scheduling order set May 15, 2020, as the deadline to file dispositive motions. *See* Amended Case Management Order [25]. Defendant sought leave to file an out-of-time motion on September 18, 2020 – over four months after the motions deadline.

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). "'[E]xcusable neglect' is an elastic concept." *McCarty v. Thaler*, 376 F. App'x 442, 444 (5th Cir. 2010). "The determination of what is excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id*. Among other things, the Court should consider "the danger of prejudice to the [movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect,' it is clear that 'excusable neglect' under Rule 6(b) . . . is not limited strictly to omissions caused by circumstances beyond the control of the

6

movant." *Id.* However, "[e]ven if good cause and excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)." *McCarty*, 376 F. App'x at 443.

Defendant offers a variety of arguments in support of its motion. First, Defendant argues that it did, in fact, request a determination on Plaintiff's claim of racial discrimination. Next, Defendant argues that, at worst, its failure to seek summary judgment as to Plaintiff's claim of racial discrimination was excusable neglect because 1) Plaintiff only asserted the claim by appending the phrase "and because Henderson is black" to the end of a single sentence in the operative pleading, 2) the Court did not specifically enumerate a racial discrimination claim in its prior orders, and 3) Plaintiff did not contest Defendant's assertion in prior briefing that retaliation was the only remaining issue.

In response, Plaintiff argues that Defendant is only conducting a "fishing trip," in an effort to have "Plaintiff to put the pieces of the puzzle together for them before trial." Plaintiff also argues that there is not time to address any dispositive motion, and that allowing Defendant to file an out-of-time dispositive motion would prejudice him because he will incur additional costs to respond to the motion. Plaintiff also argues that allowing an out-of-time motion would be prejudicial because it will "provide the Defendant with more insight into the Plaintiff's playbook for trial." Finally, Plaintiff argues that his counsel would be prejudiced because he planned his work schedule around the scheduling orders entered by various courts, and modifying

7

the scheduling order here would disrupt counsel's plans.

The Court finds that Defendant's failure to move for summary judgment on the racial discrimination claim is, at best, excusable neglect and, therefore, it will permit Defendant to file an out-of-time motion. First, the Court notes that Plaintiff did not specifically enumerate his causes of action in the operative pleading. *See* Amended Complaint [26]. Rather, the Amended Complaint is a hodge-podge of factual assertions and legal theories. As the Court has noted in the past, a potential side effect of pleading in this manner is that relevant legal and factual issues in a case are clouded. *See, e.g. Brown v. Wilkinson County Sheriff's Dep't,* 2017 WL 1479428, at *12 (S.D. Miss. Apr. 24, 2017). Indeed, the Court notes that Plaintiff conceded some of his own causes of action in response to Defendant's initial motion for summary judgment. If a plaintiff can not pinpoint his own causes of action with any certainty, the defendant can hardly be expected to do so.

The Court also finds that there will be little to no prejudice to Plaintiff if the Court permits Defendant to file an out-of-time motion. With respect to Plaintiff's counsel's schedule, any seasoned trial lawyer should be accustomed to changing plans on the fly. Simply put, it comes with the job. Likewise, Plaintiff's concern over revealing his evidence and trial strategy is not sufficient reason to deny the motion. In federal court, the goal is for all parties to be fully aware of the other parties' evidence, claims, and arguments well in advance of trial. That is why the Court has rules of civil procedure, strenuous discovery and disclosure requirements, and

detailed case management orders. Ideally, there are no secrets heading into trial, and the parties arrive prepared to try clearly defined, disputed issues of fact. The Court also believes that the additional cost of responding to the out-of-time motion will be minimal.

Finally, the time remaining before trial is not an issue. The jury trial of this matter is currently scheduled to begin on January 25, 2021, but the Court intends to continue the trial due to the ongoing risk posed by the COVID-19 pandemic. First, the Court anticipates that the Chief Judge's moratorium on civil jury trials will be extended beyond its current end date of January 11, 2021. Regardless, the Court does not believe that the need for judicial economy and a final resolution of this civil matter outweighs the substantial risk to potential jurors, Court staff, attorneys, and parties if this case is tried now.

For all these reasons, the Court **grants** Defendant's Motion for Leave to File [120] an out-of-time Motion for Summary Judgment. Defendant shall file the motion within three days of the entry of this order.

### V. CONCLUSION

For these reasons, the Court **denies** Plaintiff's Motion for Reconsideration [117], **denies** Defendant's Motion for Attorney's Fees [114] **without prejudice**, and **grants** Defendant's Motion for Leave to File [120] an out-of-time motion for summary judgment.

SO ORDERED AND ADJUDGED this 6th day of January, 2021.

9

/s/     Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE